# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 9:07-CR-1 |
| | § | |
| DAVID DUNN | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 17, 2014, alleging that the Defendant, David Dunn, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on May 17, 2007, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute less than 50 grams of a mixture or substance containing methamphetamine, a class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. The Defendant was sentenced to 63 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release,

plus special conditions to include: drug after care; financial disclosure; mental health counseling; and $100 special assessment.

## II. The Period of Supervision

On May 7, 2012, the Defendant completed his term of imprisonment and began service of the supervision term.

The original term of supervised release was revoked on December 19, 2012, due to the Defendant failing to notify the probation office of his arrest by the Hudson Police Department on August 2, 2012. The Defendant was sentenced to six months' imprisonment followed by an additional two year term of supervised release subject to the same conditions of supervision previously ordered plus alcohol treatment and testing and 180 day residential reentry center placement. On October 30, 2013, the Defendant completed his period of imprisonment and began service of the supervision term at the County Rehabilitations Center (CRC) in Tyler, Texas.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on January 17, 2014, alleging the following violation: 1) on January 13, 2014, the Defendant was unsuccessfully discharged from the County Rehabilitation Center due to numerous violation of the rules and regulations of the facility in violation of his special condition that reside in a residential reentry center for 180 days and observe the rules of such facility.

## IV. Proceedings

On July 28, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation that he violated a special condition of supervised release, to wit: the Defendant shall reside in a residential reentry center for 180 days upon release from confinement and shall observe the rules of that facility.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of ten (10) months' imprisonment, which includes the remaining 105 days of unserved community confinement, and no supervised release upon release from imprisonment.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to successfully complete his community confinement, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the

conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant served 75 days in community confinement and failed to complete 105 days before being evicted from the program. Therefore, the 105 days of unserved time are converted to an equivalent period of imprisonment and included in the Defendant's ten month sentence of imprisonment.

To the extent the Defendant's ten month sentence is below one and one-half months below the minimum guideline range of eight months, when deducting the 105 days of unserved community

confinement included in this sentence, the undersigned finds that the violations while in community confinement were not egregious so the sentence below the advisory guideline range is appropriate.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to successfully complete community confinement at the CRC. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of ten months' imprisonment, which includes 105 days of unserved community confinement, with no supervised release to follow.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to successfully complete his community confinement.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should receive a sentence of ten months' imprisonment, which includes 105 days of unserved community confinement, with no supervised release to follow.

4. The Defendant requested to serve his term of imprisonment at the Federal Correctional Institute in Beaumont, Texas, or in the alternative, at the Federal Correctional Institute in Pollock, Louisiana. The court should recommend one of these facilities if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the

recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 4th day of August, 2014.

_____
Zack Hawthorn
United States Magistrate Judge